■ In the Matter of the Estate of PETER L. PETTI, Deceased. NICHOLAS PETTI, Appellant; PHILIP D. PETTI, SR., Respondent. [20 NYS3d 273]—

Appeal from an order of the Surrogate's Court, Ontario County (Frederick G. Reed, S.), entered June 30, 2014. The order granted respondent's motion to dismiss the amended petition for a compulsory accounting.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the amended petition is granted, and the matter is remitted to Surrogate's Court, Ontario County, for further proceedings.

Memorandum: Petitioner commenced this proceeding in Surrogate's Court seeking to compel an accounting of the estate of Peter L. Petti (decedent). Petitioner is decedent's son and, pursuant to the terms of decedent's will that was admitted to probate, any assets to which decedent would be entitled from the settlement of his father's estate would be paid directly to petitioner, if he had attained the age of 21. The will otherwise directed petitioner's guardians to use the assets to establish a trust for the benefit of petitioner, which trust would run until petitioner reached the age of 21. Decedent died in 1996, when

petitioner was six years old, and respondent was named executor of decedent's estate and a guardian of the person and property of petitioner. In 2000, the administrator of the estate of decedent's father issued payments of approximately $17,000 to decedent representing his share of the estate, and those payments were sent to respondent as executor of decedent's estate. In 2009, petitioner signed a release providing that, in consideration of $5,000 received from respondent and his wife, petitioner released them "from all actions . . . whatsoever." The release further provided that it was "more particularly in connection with a certain guardianship of the person and property of [petitioner] made in . . . Surrogate[']s Court . . . and the discharge of said Releasee(s) by Releasor for any and all accounting of all funds received by said Releasee(s) during said guardianship which were previously given or spent on [petitioner] . . . for his care and custody through his years of minority while residing with Releasee(s)."

We conclude that the Surrogate abused his discretion in granting respondent's motion to dismiss the amended petition (*see* SCPA 2205 [1]; *cf. Matter of Sangiamo*, 116 AD2d 654, 654 [1986]; *Matter of Taber*, 96 AD3d 890, 890 [1983]; *see generally Matter of Mastroianni*, 105 AD3d 1136, 1138 [2013]). The release applies only to respondent and his wife in their roles as guardians, and does not foreclose petitioner from maintaining an action against respondent in his role as executor of decedent's estate. Present—Scudder, P.J., Centra, Carni, Whalen and DeJoseph, JJ.